IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SIGNH and RANJIT SINGH,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ARROW TRUCK SALES, INC., a<br>corporation, form unknown;<br>NATIONAL TRUCK PROTECTION CO.,<br>INC., a corporation, form unknown;<br>and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | 2:05-cv-2564-GEB-KJM<br><br>ORDER* |

　　　　Defendant National Truck Protection Co., Inc. ("NTP") moves to dismiss all of Plaintiffs' claims against it based on the contention that venue is improper under Federal Rule of Civil Procedure 12(b)(3). Plaintiffs oppose the motion.

BACKGROUND

　　　　Plaintiffs are citizens and residents of Maryland. In April 2005, Plaintiffs bought a 2000 Volvo, model VNL660 truck (the "truck") from Defendant Arrow Truck Sales, Inc. ("Arrow"), a used truck dealer located in California. On May 18, 2005, Plaintiffs

---

　　　* This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  entered into a service agreement (the "Agreement") with NTP, a New
2  Jersey corporation, under which NTP agreed to pay for certain repairs
3  to the truck.  The Agreement contained the following clause:

>   XV.  Consent to Jurisdiction and Venue
>   You and NTP agree that any legal or equitable action for
>   claims, debts or obligations arising out of or to enforce
>   the terms of this plan shall be brought in the United States
>   District Court for the District of NJ or in the Superior
>   Court of NJ, Bergen County, NJ; and that either Court shall
>   have in personam jurisdiction over You and Us and the venue
>   of the action shall be appropriate in each court.

9       In August of 2005, the truck malfunctioned.  Plaintiffs
10 informed NTP of the malfunction and NTP directed Plaintiffs to bring
11 the truck to a repair facility in Virginia.  At the repair facility
12 the source of the malfunction was identified.  After being informed of
13 the source of the truck's malfunction, NTP refused to pay for the
14 necessary repairs, based on the position that the repairs were not
15 covered under the Agreement.  Plaintiffs then had the truck repaired
16 at their own expense.  Subsequently, Plaintiffs brought the instant
17 lawsuit in which it asserts claims against NTP for breach of contract
18 and breach of the duty of good faith and fair dealing.

## DISCUSSION

20      NTP argues that Plaintiffs' claims against it must be
21 dismissed because the forum selection clause in the Agreement
22 establishes the District of New Jersey as the exclusive forum for
23 Plaintiffs' claims.  Plaintiffs do not contest the application of the
24 forum selection clause to their claims or NTP's construction of the
25 forum selection clause.  Rather, Plaintiffs argue that the forum
26 selection clause is unreasonable and should not be enforced because:
27 (1) they entered into the Agreement "without actually understanding
28 the effect of [the forum selection clause]" and (2) enforcement of the

forum selection clause would cause them "extreme hardship."  (Pls.' Opp'n at 6-7.)

"[F]orum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (quotation marks and citations omitted).  The party challenging the forum selection clause has "the heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." Id. (quotation marks and citations omitted).  If the party challenging the forum selection clause "fails to come forward with anything beyond general and conclusory allegations of fraud and inconvenience, the court must uphold the agreement." Sarmiento v. BMG Entm't, 326 F. Supp. 2d 1108, 1111 (C.D. Cal. 2003) (citing Spradlin v. Lear Siegler Mgmt. Serv. Co., Inc. 926 F.2d 865, 868 (9th Cir. 1991)).

Plaintiffs argue the forum selection clause is unreasonable because Plaintiffs did not understand the effect of the forum selection clause since they "have a very limited understanding of the English language and [ ] legal terminology" and "are minority truck owners who were coerced" by a "huge organization."  (Pls. Opp'n at 6-7.)  This argument is not supported with any evidence.  Such "general and conclusory allegations" do not show that enforcing the forum selection clause would be unreasonable. Sarmiento, 326 F. Supp. 2d at 1112 (party's broad, conclusory allegations of undue influence and inability to understand the agreement were insufficient to find enforcement of forum selection was unreasonable).

Plaintiffs also argue that the forum selection clause is unreasonable because it would be "extensively burdensome and unconscionable to require [them] to bring two lawsuits[--]one in New Jersey [against NTP] and another in California [against Arrow]" and it would be an "extreme hardship for [them] to transport the witnesses in this case [,who live in California,] to New Jersey." (Pls.' Opp'n at 7-8.) While it may be more convenient for Plaintiffs to litigate a single action in California, it is Plaintiffs' burden to show that requiring them to litigate their claims in New Jersey would be so gravely difficult and inconvenient that they would for all practical purposes be deprived of their day in court. Arqueta, 87 F.3d at 325. Plaintiffs' "general and conclusory allegations" of hardship and inconvenience are insufficient to make that showing. Sarmiento, 326 F. Supp. 2d at 1112.

CONCLUSION

Since Plaintiffs have failed to show that enforcement of the forum selection clause in their Agreement with NTP would be unreasonable, NTP's motion to dismiss for improper venue is granted. Therefore, NTP is dismissed as a party in this action.

IT IS SO ORDERED.

Dated:  March 15, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

4