UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SINGH and RANJIT SINGH,<br><br>                Plaintiffs,<br><br>    v.<br><br>ARROW TRUCK SALES, INC.; and<br>DOES 1 through 10, inclusive,<br><br>                Defendants.[1] | 2:05-cv-2564-GEB-KJM<br><br><u>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE</u> |

        The December 19, 2005, Order Setting Status (Pretrial Scheduling) Conference ("December 19 Order") scheduled a status conference in this case for March 20, 2006, and required the parties to file a joint status report ("JSR") no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a JSR could be procured.[2]

---

[1] This caption has been amended according to the Order filed on March 15, 2006, dismissing National Truck Protection Co., Inc., from this action.

[2] As the Order states:

    The failure of one or more of the parties to participate in the preparation of the Joint

(continued...)

1

The parties filed an untimely JSR on March 13, 2006, in which Defendants state they were not served with a copy of the December 19 Order until March 6, 2006.

Plaintiffs are Ordered to Show Cause (OSC) no later than 4:00 p.m. on March 27, 2006, why sanctions should not be imposed against Plaintiffs and/or their counsel for the failure to file a timely status report, and for the failure to timely serve Defendants with a copy of the December 19 Order under Rule 16(f) of the Federal Rules of Civil Procedure.[3]  The written response shall state whether Plaintiffs or their counsel is at fault and whether a hearing is requested on the OSC.[4]  If a hearing is requested, it will be held on April 17, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.

/////

/////

---

[2](...continued)
Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

December 19 Order at 2 n. 1.

[3]  As prescribed in the December 19 Order, Plaintiffs were required to serve Defendants with a copy of the December 19 Order "[c]oncurrently with the service of process, or as soon thereafter as possible . . . ."  December 19 Order at 1.

[4]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

In accordance with the requirements set forth in the December 19 Order, the parties shall file a JSR no later than April 3, 2006.

IT IS SO ORDERED.

Dated:  March 15, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge