IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN SINGH and RANJIT SINGH,    )
                                   )   2:05-cv-2564-GEB-KJM
              Plaintiffs,          )
                                   )   ORDER IMPOSING SANCTIONS
         v.                        )
                                   )
ARROW TRUCK SALES, INC.,           )
                                   )
              Defendant.           )
_____)

An Order to Show Cause ("OSC") issued on March 15, 2006, requiring Plaintiffs to explain why sanctions should not be imposed against Plaintiffs and/or their counsel for their failure to file a timely joint status report ("JSR") in compliance with the December 19, 2005, Order Setting Status (Pretrial Scheduling) Conference ("December 19 Order").

On March 23, 2006, Plaintiffs' counsel filed a declaration in response to the OSC, in which Plaintiffs' counsel state "this law office accepts responsibility and liability for the untimely filing of the Status Report." (Ukeje Decl. ¶ 10.) Plaintiffs' counsel expressly declined a hearing on the OSC. (Id. at ¶ 11.)

Plaintiffs' counsel declare they "never received the [December 19 Order,]" and that they only learned of it on March 6, 2006, the deadline by which a JSR was supposed to have been filed,

1

when Defendant's counsel called to discuss the matter. (Ukeje Decl. ¶ 4.) Plaintiffs' counsel state: "upon said notice, . . . a telephonic conference [was set up] with all interested parties. . . . [Counsel] for Arrow Truck Sales volunteered to file the Joint Report." (Id. at ¶¶ 5-6.)

The court record reveals the December 19 Order was electronically served on Plaintiffs at the email address Plaintiffs' counsel identified in their declaration.[1] (Ukeje Decl. ¶ 3.) This record indicates Plaintiffs' counsel was inattentive to the December 19 Order, and presumably could have ensured that a timely status report was filed after Defendant's counsel informed Plaintiffs that it was due on March 6. Plaintiffs' counsel state in their declaration that they did not "wish[] to disobey the court order of December 19, 2005." (Id. at ¶ 8.) This suggests counsel's position is that sanctions can only be imposed under Rule 16(f) for purposeful disobedience. But as the Ninth Circuit reveals in Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990), a counsel's negligent failure to be attentive to a Rule 16 scheduling or filing date could be sanctionable conduct under Rule 16(f). Ayers upheld a sanction imposed notwithstanding a lawyer's explanation that he failed to appear for a settlement conference because the date "slipped by him." See also Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions under Rule 16 of the Fed. R. Civ. P."); Martin Family Trust v. Neco-Nostalgia Entr. Co., 186 F.R.D.

---

[1] The December 19 Order was electronically submitted to info@anthonyegbaselaw.com at 9:52 a.m. on December 19, 2005. This is reflected in the attached Notice of Electronic Filing.

601 (E.D. Cal. 1999) (finding plaintiff's attorney's excuse that he did not submit a status report because he was engaged in settlement negotiations was insufficient to avoid sanctions under Rule 16(f)).

Plaintiffs' counsel also suggest the JSR was untimely because "[counsel] for Arrow Truck Sales volunteered to file the Joint Report." (Ukeje Decl. ¶ 6.) This indicates Plaintiffs' counsel have the misapprehension that their personal responsibility to comply with the timely filing requirement could be delegated to others. "It is certainly understandable that attorneys frequently choose to delegate [filing tasks]. But it should never be forgotten that the attorney of record is ultimately responsible for [meeting prescribed filing deadlines]." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

Failure to comply with a filing deadline concerns a matter most critical to the court itself: management of its docket and avoidance of unnecessary delays and proceedings caused by the failure to comply with a Rule 16 requirement. Baker v. Rivair Flying Service, 744 F.2d 1438, 1441 (10th Cir. 1984); Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) ("The purpose of the 1983 amendments to Rule 16 was to make parties and their attorneys answerable to the court . . . for actions or inactions thought to be responsible for the heavy costs and delays of litigation in the federal courts.")(internal citation omitted). Further,

> the trial judge has an independent responsibility to enforce the directives he has laid down for the case. . . . Rules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed

```
                casually to flout it or painlessly to escape the foreseeable
                consequences of noncompliance.
```

Legault v. Zambrano, 105 F.3d 24, 28-29 (1st Cir. 1997), (citing Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)). "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure. . . ." Dela Rosa, 136 F.3d at 1244.

Since Plaintiffs' counsel failed to file a timely status report, and their response to the OSC is insufficient to avoid imposition of a sanction, a sanction will be imposed.

Therefore, Eloche P. Ukeje, and/or Anthony O. Egbase, and/or Anthony O. Egbase & Associates, are sanctioned in the amount of TWO HUNDRED AND FIFTY ($250.00) for failure to file a timely JSR.[2] The sanctions shall be paid to the Clerk of this Court within fifteen (15) days from the date this Order is filed. The checks shall be made payable to "Clerk, U.S. District Court." Proof of payment must be sent to the undersigned judge's chambers within five (5) days of payment. The sanctions are personal to counsel or their law firm and are not to be transmitted to their respective clients.

IT IS SO ORDERED.

Dated: July 5, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

2    The total sanction is $250 for Plaintiffs' counsel.

4